ARCENAUX *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE
SEVENTH PRESIDING.

Where a debtor presents his schedule and prays for a respite, which is
refused by his creditors, and *ipso facto* a cession of his property ensues,
the law does not require a homologation of this refusal, but orders the
proceedings to continue as if the cession had taken place in the first
instance.

Creditors who failed to attend the *concurso* or meeting of creditors, cannot
plead ignorance of the law, or want of notice, in order to set aside the
proceedings of those who attended and voted for syndics and the terms
of the sale of the ceded property.

On the third of November, 1830, Pierre Cyprian Arcenaux,
presented his petition and schedule, and prayed for a respite
of one, two and three years from his creditors. A meeting
of eleven out of thirty-three of his creditors took place before
the parish Judge of Lafayette, and refused the respite prayed
for, but accepted the surrender as a *cessio bonorum* by the
debtor, and proceeded to appoint syndics, and vote upon the
terms of the sale and disposition of the ceded property.

Edward Simon and John Brownson, two of the creditors of
the insolvent, who had been placed on his *bilan* as such, but
who did not attend the meeting, opposed the homologation of
the proceedings appointing syndics and fixing the terms of the
sale of the ceded property, and prayed for a new meeting of
the creditors for that purpose. Their opposition was over-
ruled and final judgment, homologating the proceedings of
the creditors, and confirming the appointment of syndics, and
also directing the proceedings to continue in all respects as if
a cession had been offered in the first instance. The plaintiff
and opposing creditors appealed.

*Garland,* for the plaintiff.

According to article 3065 of the Louisiana Code, when the
creditors refuse a respite, the cession of property ensues, and
the proceedings continue as if the cession had been offered in

the first instance; but it is necessary that a new meeting of the creditors be called, to vote the terms of sale and for syndics.

*Simon,* on same side.

1. The creditors were called for the only purpose of granting or refusing the respite asked for.    They had no right to fix the terms of the sale at the time they refused the respite. *Louisiana Code,* 3054, 3056.

2. A minority of the creditors only voted, which is made to govern the majority.    For instance two-thirds were willing to grant the respite, but one-third refused, and on refusing, fixed the terms of sale, &c.; thus one-third of the creditors govern the mass.

3. When the cession ensue, and the proceedings continue, it becomes necessary to call a meeting of the creditors to dispose of the property of the ceding debtor in due course of law. *Louisiana Code,* 3065.

*Lewis,* for the syndics.

1. When the respite prayed for by the debtor was refused by the creditors, the proceedings resolved themselves into a *cessio bonorum,* which was accepted, and the creditors had the right to continue on, and appoint syndics, &c.    *Louisiana Code, art.* 3065.

2. By the acceptance of the cession made by the ceding debtor, all his property became vested in his creditors, whose duty it then was to determine on the manner of disposing of it to satisfy their claims.    See *Act of* 1826, § 2, 3.    2 *Moreau's Digest, art.* 438.

3. The ceding debtor can no longer appear in court after his surrender is made and accepted by his creditors. 1 *Martin, N. S.* 6.    7 *Martin, N. S.* 184.

*Mathews, J.* delivered the opinion of the court.

In this case the insolvent prayed a meeting of his creditors for the purpose of obtaining a respite.    They were regularly convoked, and a sufficient number having met to form a

*concurso,* a statement of the affairs of the petitioner was laid before them in the usual form. They then proceeded to reject his application for indulgence by respite—immediately took up the matter as a *cessio bonorum* of property, under the provisions of the *3065th article of the Louisiana Code* without further notice to the other creditors, proceeded to appoint syndics, and voted to have the property absolutely sold for cash.

In this stage of the proceedings, some of the creditors who had not attended the meeting, intervened and claimed to have the former proceedings annulled, so far as they went to appoint syndics, and order a sale of the insolvent's estate for cash; and moved to have a new meeting of the creditors ordered for the purpose of having syndics appointed, &c. and of fixing terms of sale for the whole property of the insolvent.

The court below overruled this motion, and ordered the proceedings in the *concurso* to be homologated, and from this decision the intervenors appealed. The correctness or incorrectness of the decision of the District Court depends solely on a just interpretation of the article of the code above cited, which is expressed in the following terms: "When the creditors refuse a respite, the cession of property ensues, and the proceedings continue as if the cession had been offered in the first instance." In the present case it does not appear that the creditors deliberated in assembly on the prayer of the insolvent for a respite; but each of them on his arrival at the place of meeting, took the oath prescribed, and expressed his will by voting against a respite. If the result of these votes combined, or the legal conclusion from such combination as to the effect which it necessarily produced in granting or refusing the respite, required the homologation of the proceedings had before the notary, in the court which ordered the meeting, in either event of according or refusing the respite, we should be of opinion that all the steps subsequently taken by the *concurso* before such homologation, were irregular and illegal, and ought to be set aside and a new meeting ordered to take into consideration the affairs of the insolvent as in case of an ordinary *cessio bonorum.* The

*Where a debtor presents his schedule and prays for a respite, which is refused by his creditors, and ipso facto a cession of his property ensues, the law does not require a homologation of this refusal, but orders the proceedings to continue as if the cession had taken place in the first instance.*

WESTERN DIST. *September*, 1831.

prayer for indulgence on the part of the debtor, and acquiescence in it by a legal majority of his creditors, forms the contract of a respite, which is required to be homologated in order to have effect. See *Louisiana Code*, art. 3058.

But when the debtor fails in the object of his petition, in consequence of a refusal of his creditors to grant the respite, and *ipso facto* a cession of his property ensues, the law does not require a homologation of this refusal; but orders the proceedings to continue as if the cession had been offered in the first instance. Now if these proceedings were to be arrested by time, taken for the homologation of the refusal to respite, it would not be a continuance of the same proceedings, but a commencement of measures on a different subject and under a new order of the court. According to the presumption that considers all persons equally acquainted with the rules by which their rights are controlled, or the principle which allows none to plead ignorance of the laws, the present intervenors have no just grounds of complaint for the injury alleged by them, as a consequence of their inattention to the proceedings of the assembly of creditors made in relation to the affairs of the debtor, after refusing to grant the respite; and continued it as if a cession of property had been made in the first instance.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.