The opinion of the court was delivered by
Manning, C. J.
Upon an application for a respite, made by the re *801 lafcors, a meeting of their creditors was called, and was held before a notary public. The procés verbal was filed in court by the debtors who prayed the homologation of the deliberations. Several creditors, who had voted to refuse the respite, petitioned the court to appoint a provisional syndic, averring that the respite had been refused, because'a majority in numbers and amount of the creditors had not voted for it. The debtors on the other hand maintained that a majority had voted for the respite, and a provisional syndic was appointed pending the contestation over this matter. A suspensive appeal was prayed from the order making this appointment, which was refused. Hence the present application for a mandamus.
The judge, responding to the rule nisi, says that he felt bound to be governed by what appeared from the face of the papers to be the result of the meeting of the creditors, and whilst irregularities are disclosed in the procés verbal, the conclusion he arrived at was the respite had been refused, and a cestion of property ensued by operation of law, and consequently the matter had to be treated as if such cession had ensued, until it was otherwise determined.
It is true that when the creditors refuse a respite the cession of property ensues, and the proceedings continue as if the cession had been offered in the first instance. Civil Code art. 3065 new no. 3098. Arcenaux v. Creditors, 3 La. 37. But the point in dispute was whether or no the respite had been refused — the debtors maintaining that it had been granted, and offering the procés verbal in proof thereof, and praying its homologation. To appoint a syndic while that matter was undetermined was to assume that it was determined, because such appointment could only be' made when there was a cession, and a cession ensued by operation of law only when the respite had been refused. And that it was not determined is apparent from the language of the respondent who treats the cession as having ensued “until it was otherwise determined.”
Irreparable injury might be done by an order, based upon an assumption that a certain act had been done which may hereafter turn out not to have been done, and a suspensive appeal will alone give the complaining parties adequate redress, while the creditors are protected by the appeal bond. While the contestation exists touching the fact of respite granted or refused, a syndic, whose appointment follows only upon a refusal, cannot be appointed.
The mandamus is made peremptory at the respondent’s costs.